IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VERNON COUNTY,

                Plaintiff,                      OPINION AND ORDER

v.

                                            22-cv-590-wmc

MISSISSIPPI SPORTS AND RECREATION,
INCORPORATED,

                Defendant.

      Plaintiff Vernon County filed a foreclosure action against defendant Mississippi Sports and Recreation in Vernon County Circuit Court, seeking to foreclose on tax liens attached to Mississippi Sports' property. Mississippi Sports removed the case to this court. Vernon County then moved to remand the case to state court, arguing that this court lacks subject matter jurisdiction over the foreclosure action. (Dkt. #5.) Mississippi Sports offers little resistance, save to invite the court to consolidate this case with another pending case over which this court actually has jurisdiction. Because the removal was plainly improper, the court will grant the motion and Vernon County's request for fees and costs incurred in opposing removal. The court also will deny Mississippi Sport's motion to consolidate.

OPINION

      A defendant may remove a civil action brought in state court to federal court so long as the claim is within the jurisdiction of the federal court. 28 U.S.C. § 1441(a). However, "[t]he party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,*

577 F.3d 752, 758 (7th Cir. 2009).  Therefore, unless the party seeking removal establishes that the case raises a federal question, or that the parties are completely diverse and the amount in controversy exceeds $75,000, the court must remand the case.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009).

Mississippi Sports argues that this court has federal question jurisdiction over the foreclosure action under 28 U.S.C. § 1331.  However, a complaint raises a federal question "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009) (internal quotations omitted).  The rationale behind this limitation is that the plaintiff is the master of its own complaint and may choose to avoid federal jurisdiction by relying exclusively on state-law claims. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, Vernon County does not include any federal claims in its state complaint; instead, its sole claim arises under Wis. Stat. § 75.521, a statute governing foreclosure of tax liens on Wisconsin property by an action in rem. (Dkt. #1, Ex. B.)

Mississippi Sports nonetheless asserts that there is federal question jurisdiction because *it* raised federal defenses and counterclaims in its answer to Vernon County's complaint, but it is long settled law that federal question jurisdiction "cannot be predicated on an actual or anticipated defense . . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden*, 556 U.S. at 60.  Thus, Mississippi Sports' defenses and counterclaims are on their face insufficient to establish subject matter jurisdiction.

As a dubious fallback, Mississippi Sports also argues in response to Vernon County's

remand motion that this action should be "consolidated" with a case it filed previously in this court, *Gelf, et al. v. Town of Wheatland, et al.*, 22-cv-530-wmc, which affirmatively asserts federal constitutional claims against Vernon County and others. However, because the court lacks subject matter jurisdiction over this case from the outset, a defendant cannot improperly remove it, then move to consolidate with a case over which the court has jurisdiction. *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (court cannot consolidate "improperly removed action" over which it lacked subject matter jurisdiction with another action pending in the same court). Accordingly, this case must be remanded under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

Vernon County requests attorney fees and costs for an improper removal under 28 U.S.C. § 1447(c). That request will be granted. A district court may award costs under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) (finding the "objectively reasonable" standard balances the competing interests of ensuring the statutory right to removal and averting instances of dilatory removal without legal justification). Because Mississippi Sports' basis for removal was contrary to long-standing, clearly established U.S. Supreme Court precedent foreclosing removal based on the federal nature of a defense or counterclaim, an award of fees and costs is appropriate.

ORDER

IT IS ORDERED that:

1. Plaintiff Vernon County's motion to remand (dkt. #5) is GRANTED. The clerk of court is directed to remand this case to the Circuit Court for Vernon County.

2. Plaintiff's motion for an award of actual expenses, including attorney fees, is GRANTED. Plaintiff may have until January 4, 2023, to file an itemized statement of the actual expenses it has incurred, including attorney fees, in opposing defendant's removal of this case to federal court supported by an actual invoice paid by plaintiff or its lawyers' underlying time records. Defendant may have until January 18, 2023, in which to file an opposition to the amount of fees and costs sought provided similar proof of its own applicable, paid invoices or lawyers' underlying time records are disclosed.

3. Defendant's motion to consolidate cases (dkt. #7) is DENIED.

Entered this 15th day of December, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge